# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.                              CASE NO:

BIG B RANCH, INC. d/b/a
COCKTAILS LOUNGE AND BAR,
and ERIK JOHNSON

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

KINSALE INSURANCE COMPANY ("Kinsale") files suit against BIG B RANCH, INC. d/b/a COCKTAILS LOUNGE AND BAR ("Big B Ranch") and ERICK JOHNSON, and alleges:

## NATURE OF THE ACTION

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for an assault and battery of a patron by a security guard under a commercial general liability policy that includes an Assault and Battery Exclusion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

3. Venue is proper in this district because the battery occurred in this district, the underlying lawsuit is pending in this district, the Kinsale policy was issued and delivered to Big B Ranch in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(1).

4. All conditions precedent occurred, been performed, or were waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to Big B Ranch as the Named Insured.

6. Big B Ranch is a Florida corporation with a principal place of business in Jacksonville, Florida. Big B Ranch is accordingly a citizen of Florida.

7.  Erick Johnson is domiciled in Duval County, Florida. Johnson is accordingly a citizen of Florida.

## "BEAT UP AT THE BAR"

8.  On 04/06/2024, Johnson was at Big B Ranch and was escorted out by an employee at 2:00 AM. (*See* Notice of Claim, which is attached as Exhibit "A.")

9.  While being escorted out, Johnson got into an altercation with the bar's security guard.

10. Johnson called the Jacksonville Sheriff's Office and filed a police report. (*See* Police Report, which is attached as Exhibit "B.")

11. Sheriff T.K. Water responded "to [the] battery incident." (*Id*. at Pg. 2.)

12. According to the police report, Johnson told police "he got beat up at the bar." (*Id*.)

## THE COMPLAINT

13. Johnson filed suit against Big B Ranch in circuit court in Duval County, Florida, in a case styled *Erick Johnson v. Big B Ranch, Inc. d/b/a Cocktails Lounge and Bar*, *et al.*, and bearing Case Number 16-2024-CA-002096. (*See* Operative Complaint, which is attached as Exhibit "C.")

14. According to the complaint, Johnson was a customer at Big B Ranch on 04/05/2024. (Ex. C. at ¶6.)

15. Johnson was "injured by Eddie Steele, an employee, agent, or contractor of [Big B Ranch]." (*Id*. at ¶7.)

16. Steele "was employed as a security guard at [Big B Ranch's] place of business." (*Id*. at ¶8.)

17. Johnson alleges Big B Ranch "undertook [the] responsibility to provide the safety of the premises from the known dangerous criminal activity in the bar." (*Id*. at ¶14.)

18. Big B Ranch is allegedly liable for Johnson's injuries because Big B Ranch failed to "[p]rovide sufficient security as a precaution against foreseeable violent acts." (*Id*. at ¶16.)

19. Big B Ranch had a duty according to Johnson to protect him from "acts of violence," like being beat up by Eddie Steele. (*Id*. at ¶17.)

20. Johnson sued Big B Ranch to hold it liable because Johnson was battered by Eddie Steele, a security guard at Big B Ranch.

## **THE KINSALE POLICY**

21. "Surplus lines insurance is a type of insurance available when, due to the nature and severity of the risk, an insured cannot obtain coverage from insurers authorized to do business in the state[.]" *Klopman v. Zurich Am'n Ins. Co. of Illinois*, 233 Fed. Appx. 256, 262 n.1 (4th Cir. 2007). "Florida law requires that surplus lines insurers offer insurance policies that are less favorable to insureds." *Miami Leak Detection & Services, LLC v. Great Lakes Ins. SE*, 699 F. Supp. 3d 1326, 1333 (S.D. Fla. 2023) (citing Fla. Stat. § 626.916(c)).

22. Big B Ranch could not obtain insurance from an admitted insurance company, so as a last resort, it applied for insurance from the surplus lines market.

23. Big B Ranch applied for and purchased a surplus lines commercial general liability policy from Kinsale as the Named Insured, bearing Policy Number 0100200268-1, and effective from 07/25/2023 to 07/25/2024. (*See* Policy, which is attached as Exhibit "D.")

24. Before the policy was issued and delivered to Big B Ranch, all the forms and endorsements were disclosed to Big B Ranch in a Quote. (*See* Quote, which is attached as Exhibit "E.")

25. Before the policy was issued and delivered to Big B Ranch, all the forms and endorsements were disclosed to Big B Ranch in a Binder. (*See* Binder, which is attached as Exhibit "F.")

26. Big B Ranch accepted all terms and conditions that were proposed in the Quote and the Binder.

27. Kinsale is defending Big B Ranch in the underlying action under a complete reservation of rights.

## COUNT I – THERE IS NO COVERAGE UNDER THE ASSAULT AND BATTERY EXCLUSION

28. Kinsale incorporates paragraphs 1 through 27.

29. The policy includes this exclusion:

### EXCLUSION - ASSAULT, BATTERY, ABUSE, OR MOLESTATION

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury" arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or molestation. Assault, battery, abuse, or molestation includes, but is not limited to, any conduct, physical act, gesture, sexual contact (whether or not consensual), sexual

molestation, sexual or physical assault or battery, sexual abuse, sexual harassment or exploitation, harmful, unwanted or offensive contact, or spoken or written words of a sexual or physically violent nature, whether provoked or unprovoked.

This exclusion includes but is not limited to:

(1)  The prevention or suppression of, or the failure to suppress or prevent any assault, battery, abuse, or molestation;

(2)  The failure to provide an environment safe from any assault, battery, abuse, or molestation, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, abuse, or molestation;

(3)  The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, abuse, or molestation;

(4)  The reporting or failing to report to the proper authorities;

(5)  Conducting or failing to conduct an investigation of any assault, battery, abuse, or molestation;

(6)  Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

(7)  Providing or failing to provide first aid or medical treatment or otherwise handling or responding after there has been any assault, battery, abuse, or molestation;

(8)  Any assault, battery, abuse, or molestation, whether caused by, or at the instigation, instruction, direction, or due to the negligence of the insured, the insured's employees, agents, patrons, customers, or any other person arising from any causes whatsoever; or

> (9) The negligent hiring, employment, training, supervision, or retention of any "employee" or agent of any insured with respect to items **(1)** through **(8)** above.
>
> This exclusion applies regardless of fault or intent and regardless of the particular cause of action.
>
> This exclusion applies to any claim or "suit" regardless of whether assault, battery, abuse or molestation is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage", or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, abuse or molestation.

(*See* Form CAS3201 0322 at Pg. 1/1.)

  30. The policy also an endorsement labeled "POLICY AMENDMENT – EXTRINSIC EVIDENCE" ("Extrinsic Evidence Endorsement") that provides "Our right and duty to defend or indemnify the insured against any claim or suit will be determined by review of the facts and allegations pleaded and the terms of this policy, and we may look to consider extrinsic evidence outside the allegations, facts pleaded, or any combination thereof by any claimant to determine whether we owe a duty to defend or indemnify against any such claim or fact." (*See* Ex. B. at Form ADF2000 0622 at Pg. 1/1.)

31. Kinsale is accordingly permitted to rely on extrinsic evidence, like the police report, Johnson's representations to the police, and the discovery in the underlying lawsuit, to determine that it has no duty to defend or indemnify Big B Ranch in based on the Assault and Battery Exclusion.

32. The policy also includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides "[w]here there is no coverage under this Policy, there is no duty to defend. (*See* Ex. B. at From CAS3043 0621 at Pg. 2/3.)

33. A security guard at Big B Ranch battered Johnson on 04/06/2024.

34. Johnson sued Big B Ranch in the underlying action to hold it liable for Johnson being battered by Eddie Steele, a security guard at Big B Ranch.

35. Accordingly, Kinsale has no duty to defend or pay damages under the policy's Assault and Battery Exclusion.

## **RELIEF REQUESTED**

Kinsale respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the policy.

b) Declare the following:

      i.      Kinsale has no duty to defend or indemnify Big B Ranch under the policy's Assault and Battey Exclusion.

      ii.     Kinsale is entitled to reimbursement of attorney's fees and expenses incurred defending Big B Ranch because there is no coverage under the policy.

c)     Award Kinsale all costs to prosecute this action.

d)     Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112201
Sergio.Bueno@clydeco.us
**CASSIDY BIERBORDT**
Florida Bar No. 1030738
Cassidy.Bierbordt@claydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646

## CERTIFICATE OF SERVICE

I CERTIFY that on April 10, 2025, this document was filed via the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.

/s/SERGIO A. BUENO
**SERGIO A. BUENO**
